IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| CONNIE MOSHO EDMO, | ) | |
| | ) | Civ. No. 09-0178-E-BLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM DECISION |
| v. | ) | |
| | ) | |
| | ) | |
| KEN SALAZAR, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## INTRODUCTION

The Court has before it a motion for summary judgment filed by the Government and a motion to set aside agency action filed by plaintiff Edmo. The Court heard oral argument on March 22, 2010, and took the motions under advisement. The Court requested additional briefing that was received on March 24, 2010. For the reasons expressed below, the Court will grant the Government's motion and deny Edmo's motion.

## ANALYSIS

Edmo appeals from a decision of the Interior Board of Indian Appeals

**Memorandum Decision – page 1**

(IBIA) finding that she was not the adopted daughter of Jack Mosho and hence not an heir to the estate of the Decedent, Mary Josephine Mosho Estep.  Both sides agree that the statutory language that governs the legal merits of this appeal comes from 25 U.S.C. § 372a(2):  "[N]o person shall be recognized as an heir of a deceased Indian by virtue of an adoption . . . [u]nless such adoption shall have been recognized by the Department of Interior prior to the effective date of this section [July 8, 1940] . . . ."  Edmo argues that the IBIA decision should be reversed because it denied the evidence she presented showing that the Department of the Interior recognized the adoption of Decedent by Jack Mosho prior to 1940.

Edmo started the administrative process with a hearing before an Administrative Law Judge (ALJ).  While she submitted no evidence that she had been adopted by Jack Mosho at that original hearing, she later found 87 documents that she alleges support her adoption claim.  She submitted those in a petition for rehearing that was denied on technical grounds.  She responded by appealing to the Interior Board of Indian Appeals (IBIA).

The IBIA examined the entire record, including the 87 documents.  It concluded that Edmo failed to show that "the Department of the Interior recorded, recognized or accepted Jack Mosho's adoption of Decedent through Indian custom or otherwise."  *See Administrative Record (AR) at p. 50.*  Specifically, the IBIA

**Memorandum Decision – page 2**

looked at the affidavit of Jack Mosho, deemed critical by Edmo, and concluded that it merely established "at best that Jack Mosho intended to adopt Decedent and her siblings if their enrollment in the tribe were approved." *Id.*

Edmo complains that her 87 documents did not get fairly reviewed by the agency. The Court disagrees. While the documents were not reviewed by the ALJs – because Edmo either failed to present them or presented them improperly – the IBIA fully examined the 87 documents and addressed Edmo's arguments concerning those documents directly in its decision. *AR at pp. 42-51.* The IBIA has the authority to make "findings of fact," *see 43 C.F.R. § 4.312*, and thus could examine the 87 documents itself without having to remand the case to the ALJ for further proceedings.

Edmo argues that the IBIA issued its decision without giving her the opportunity of a hearing, and without any briefing from her on the merits of the adoption issue. However, Edmo was given the opportunity to file a brief in which she explained at length her argument on the adoption issue. And there is nothing in the IBIA rules that entitled Edmo to a hearing on her appeal. *See 43 C.F.R. § 4.356.*

Finding no flaw in the agency's process, the Court proceeds to Edmo's claim that the agency's findings are unsupported. To prevail, Edmo must show that the

**Memorandum Decision – page 3**

IBIA decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  This standard is "highly deferential, presuming the agency action to be valid and [requires] affirming the agency action if a reasonable basis exists for its decision."  *Kern County Farm Bureau v. Allen*, 450 F.3d 1072, 1076 (9th Cir. 2006).  The Court cannot substitute its judgment for that of the agency.  *Lands Council v. McNair*, 537 F.3d 981 (9th Cir. 2008) (*en banc*).

Given this standard, the Court cannot find the IBIA decision to be arbitrary or capricious.  The Court agrees with the IBIA that the affidavit of Jack Mosho shows at most a future intent to adopt.  Edmo identifies no document showing that Jack Mosho did in fact adopt the Decedent.

Edmo points to documents showing that the Department of the Interior assisted Jack Mosho in bringing the Decedent to Fort Hall and enrolling her into the Tribes.  Edmo argues that these documents show that the Department recognized that Jack Mosho had adopted the Decedent.  But nowhere in any of these documents can one find a recognition that Jack Mosho adopted the Decedent.

Edmo argues that evidence of adoption is shown by the Decedent coming to live with Jack Mosho and taking the Mosho name.  But there is also evidence that at the age of just 19 months, the Decedent went to live with Fort Hall

Superintendent Estep, where she would stay for at least the next 13 years, eventually taking the Estep name.  *AR at p. 20.*

Edmo points out correctly that Jack Mosho sought the return of the Decedent from the Esteps.  Indeed, the IBIA specifically recognized this fact.  *See AR at p. 45 ("Jack Mosho sought Decedent's return from the Estep household").*  But the IBIA found this unpersuasive because the demand letter did not allege that Jack Mosho was the adoptive father of the Decedent but instead alleged that she "was adopted by Superintendent Estep."  That Superintendent Estep denied adopting Decedent, *AR at p. 20,* does not weaken the IBIA's analysis because the critical factor is the lack of any assertion in that demand letter that Jack Mosho is the adoptive father.  As confirming proof, the IBIA pointed out that the Decedent was not recognized as Jack Mosho's adopted daughter in the distribution of his estate.  *Id. at p. 45.*  Edmo's supplemental briefing does not contain any evidence showing that the Department of the Interior recognized the Decedent to be the adoptive daughter of Jack Mosho.  *See Edmo Brief (docket no. 29).*

The bottom line is that this Court has no authority to conduct a *de novo* review and substitute its judgment for that of the IBIA.  The agency decision is supported by substantial evidence and thus must be affirmed.  Accordingly, the Court will grant the Government's motion for summary judgment and deny

**Memorandum Decision – page 5**

Edmo's motion to set aside the agency decision. The Court will issue a separate Judgment as required by Rule 58(a).



DATED:  **March 31, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge